# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-07926-PA (SK) | Date | September 18, 2019 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

Present: The Honorable   Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **SCREENING ORDER**[1]

Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the County of Los Angeles, the Los Angeles County Sheriff's Department, and four Deputy Sheriffs violated his constitutional rights when he was arrested and detained in or around April 2018 and then later charged and convicted (by guilty plea) of various state crimes. (Compl. at 6-7, 8). Plaintiff is out of custody. Because he proceeds in forma pauperis, however, the Court must screen his complaint to determine, among other things, if it states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

To begin with, Plaintiff has alleged enough facts that, if true, state a Fourth Amendment claim against Deputy Sheriff Jacob Jones in his individual capacity for excessive force during Plaintiff's arrest in April 2018. *See, e.g.*, *Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005). Plaintiff alleges that Jones pulled him over on his bike under apparent suspicion that Plaintiff was riding under the influence. (Compl. at 4-5). After Plaintiff answered Jones's questions and consented to a search, Jones arrested him by restraining Plaintiff's right arm behind his back and placing his left arm on Jones's police car. (*Id.* at 5). Uncomfortable with Jones behind him, Plaintiff demanded to know what he was doing with vulgar language and insinuated that Jones was engaging in unwanted sexual contact. (*Id.* at 5-6). Jones allegedly responded by slamming Plaintiff's head into the hood of his police car, taking Plaintiff to the ground, and punching Plaintiff in the face and body. (*Id.* at 6).

On the other hand, these facts cannot state a Fourteenth Amendment claim against Deputy Jones. The U.S. Supreme Court has explained that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under" the Fourteenth Amendment's substantive due

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If Plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72–2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07926-PA (SK) | Date | September 18, 2019 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

process standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). So Plaintiff's excessive force claim against Deputy Jones can proceed under the Fourth Amendment only.

Unlike Deputy Jones, however, none of the other three Deputy Sheriffs is alleged to have used any force, let alone excessive force, during Plaintiff's arrest or detention. (Compl. at 2-3, 9). Plaintiff vaguely alludes to these officers perhaps driving him to the hospital or questioning him later, but that is ordinary and legitimate police conduct. So Plaintiff has alleged no facts plausibly suggesting that Deputy Sheriffs Leas, Lattuca, and Hueza violated any constitutional rights. *See* Fed. R. Civ. P. 8(a); *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff also alleges that—separate from Deputy Jones's alleged excessive force—his seizure, search, arrest, and detention were also unconstitutional because they were unsupported by the requisite level of suspicion (like probable cause) or by other constitutional authority. (Compl. at 8). But from these events, Plaintiff was ultimately charged with—and pled guilty to—certain crimes like assault, resisting arrest, and riding a bicycle under the influence. (Compl. at 7). So claims attacking the lawfulness of the pre-conviction events leading to his conviction—*i.e.*, his seizure, search, arrest, detention, and so forth—on the ground that they lacked constitutional authority would, if successful, imply the invalidity of the ensuing conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). But because such collateral attacks on the legality of a conviction are barred by *Heck*, they cannot be pursued in a lawsuit for damages under § 1983. *See id.* at 486-87. In short, none of the Defendants, including Jones, is subject to suit for claims attacking the lawfulness of pre-conviction encounters with police. That distinguishes these unactionable claims from Plaintiff's sole actionable excessive force claim against Jones, which, even if successful, would not invalidate Plaintiff's conviction and so is *not* barred by *Heck*. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

Finally, Plaintiff has failed to allege facts supporting either his official-capacity claims against the individual Deputy Sheriffs or his entity claims against the County and its Sheriff's Department. (Compl. at 8-9). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and "not a suit against the official personally." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). And to sue a municipality-entity properly, Plaintiff must allege: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07926-PA (SK) | Date | September 18, 2019 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

Plaintiff has alleged no facts, however, plausibly suggesting that Los Angeles County, or its Sheriff's Department, had a widespread policy, custom, or practice that violated his constitutional rights. The federal pleading rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. At most, Plaintiff has alleged a discrete and isolated incident of misconduct by one of its employees, but there is no respondeat superior liability for municipalities under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

\* \* \* \* \* \* \*

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **October 18, 2019**, why all claims and defendants in the complaint—other than his sole Fourth Amendment excessive force claim against Deputy Sheriff Jacob Jones in his individual capacity—should not be dismissed consistent with this order for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii). To discharge this Order to Show Cause, Plaintiff must do one of the following:

(1) File a Notice of Voluntary Dismissal using the attached Form CV-09, dismissing without prejudice all claims and defendants in the complaint—other than the single surviving Fourth Amendment excessive force claim against Defendant Jones.

(2) File a First Amended Complaint using the attached Form CV-66, curing all the legal and factual deficiencies described in this order.

(3) File a Response (on any kind of paper), explaining why the reasoning and conclusions of this order are wrong and stating that Plaintiff wants to stand on the complaint as currently alleged.

**WARNINGS**: If Plaintiff fails to take one of these actions on time, this action may be dismissed involuntarily in its entirety for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If Plaintiff files either an amended complaint that does *not* cure the deficiencies described in this order or a response standing on the original complaint as alleged, the Court will recommend that claims and defendants be dismissed *without leave to amend* consistent with this order. Finally, if Plaintiff fails to keep the Court apprised of his correct address of record in a timely manner, this action may be dismissed for failure to obey court orders. *See* L.R. 41-6 (Failure of Pro Se Plaintiff to Keep Court Apprised of Court Address).

**IT IS SO ORDERED.**