**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07926-PA (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge | |
|---|---|---|
| Connie Chung | | n/a |
| Deputy Clerk | | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) **FINAL SCREENING ORDER**[1]

In September 2019, Plaintiff filed his initial complaint in this pro se action under 42 U.S.C. § 1983. (ECF 1). That complaint alleged that Los Angeles County, its Sheriff's Department, and four Deputy Sheriffs violated his Fourth Amendment rights when he was arrested and detained in April 2018 and then later charged and convicted (by guilty plea) of various state crimes. (*Id.* at 6-7). Although the Court granted Plaintiff leave to proceed in forma pauperis (ECF 5), it also screened his complaint, informing Plaintiff that he had successfully stated one Fourth Amendment claim against Deputy Sheriff Jones, in his individual capacity, for alleged excessive force during his arrest. (ECF 7). That order also explained in detail why Plaintiff could not successfully state a claim against the County, the Sheriff's Department, and the remaining Deputy Sheriffs. (*Id.*). Yet rather than filing an amended complaint in accordance with the first screening order, Plaintiff made his case only worse—and caused more complication and delay—with his First Amended Complaint ("FAC"). (ECF 10). The Court warned Plaintiff not to do exactly what he did: file a FAC that cured none of the legal and factual deficiencies outlined in the Court's order. Perhaps Plaintiff believes that naming more people and asserting more claims can multiply the amount of damages he can obtain if he prevails. But that is not so. If successful in his action, Plaintiff's total recovery depends on the extent of his alleged injury, not the number of defendants named or claims alleged. *See Condon v. Condon*, 2008 WL 11338437, at *4 (C.D. Cal. June 6, 2008) ("Plaintiffs' total recovery is not dependent upon the number of theories alleged, but rather on the extent of the injury suffered."). If anything, naming too many people and alleging too many claims—without the needed factual or legal merit—only complicates service of process, discovery, and motion practice. It leads to inevitable delays and ultimately only hurts—not strengthens—a Plaintiff's civil rights action.

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If Plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72–2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07926-PA (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

For example, the caption of the FAC not only still names Los Angeles County and its Sheriff's Department, but it now adds the City of Lynwood. (ECF 10 at 1). Yet in Section III of the FAC, where Plaintiff is supposed to name the parties to the action, he names only Deputy Sheriff Jones and three unidentified Does as Defendants. (*Id.* at 2-3). Worse still, in the body of the FAC, Plaintiff makes general allegations of wrongdoing against Deputy Sheriffs Jones, Leas, Lattuca, and Huerza (all of whom he named in the original complaint) but makes no allegations against Doe defendants named in the FAC's caption. (*Id.* at 8-9, 11; *see* ECF 1 at 1-3). And Plaintiff does not mention the City of Lynwood in the FAC beyond naming it in the caption. So it is anybody's guess who Plaintiff wants to sue. *See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant."). Maybe Plaintiff intended the three Doe Defendants named in Section III of the FAC to be Deputy Sheriffs Leas, Lattuca, and Huerza. But that would be a guess, even "afford[ing] plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). And without clarity on who Plaintiff intends to sue, the United States Marshal cannot carry out service of process. *See Vigal v. Holland*, 2013 WL 3989180, at *3 (C.D. Cal. Aug. 2, 2013) (refusing to order Marshal to serve amended complaint on anyone not identified in caption); *Patterson v. Kern Cty. Sheriff's Office*, 2012 WL 1498896, at *2 (E.D. Cal. Apr. 27, 2012) (doe defendants cannot be served with process until they are identified by name).

The FAC also cures none of the substantive legal deficiencies from the original complaint. To recapitulate:

(1) Counties, cities, and their police departments cannot be sued under § 1983 without plausible allegations of a municipal "policy" or "custom" causing the alleged deprivation of constitutional rights. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Allegations of a single isolated or sporadic incident—like what is alleged here—cannot support a § 1983 claim against a municipality. *See Gant v. Cty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014).

(2) Suing officials in their "official capacity" is unnecessary to allege that they were acting under "color of law" for § 1983 purposes. In fact, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and "not a suit against the official personally." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Because Plaintiff has alleged no viable *Monell* claims against municipal entities, his official-capacity claims must be dismissed for the same reason. *See Monell*, 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07926-PA (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

(3) Unlike for Deputy Jones, Plaintiff has alleged no facts plausibly suggesting that Deputies Leas, Lattuca, and Hueza used any force, let alone excessive force, during Plaintiff's arrest or detention. (ECF 10 at 6, 8). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Yet that standard demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 557. "When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Id.* at 996-97.

(4) For all the crimes that Plaintiff pled guilty to, he may not sue under § 1983 to collaterally attack the lawfulness of the police encounters leading to those convictions—*i.e.*, whether his seizure, search, arrest, detention, and so forth were supported by the requisite level of suspicion—since that would imply the invalidity of his guilty pleas. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). That is different from Plaintiff's sole actionable excessive force claim against Deputy Jones, which, even if successful, would *not* necessarily invalidate Plaintiff's conviction and so is *not* barred by *Heck*. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

In short, all these deficiencies in the FAC only obscure the one thing Plaintiff has going in his favor: that he has alleged enough facts that, if true, state a Fourth Amendment claim against Deputy Sheriff Jacob Jones in his individual capacity for excessive force during Plaintiff's arrest in April 2018. *See Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that such excessive force claims arise under the Fourth, not Fourteenth, Amendment).

\* \* \* \* \* \* \*

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **February 27, 2020**, why this action should not be dismissed in its entirety for failure to state a claim and for failure to obey court orders. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6) and 41(b); L.R. 41-1. To discharge this Order to Show Cause, Plaintiff must do one—**and only one**—of the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07926-PA (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

(1) File a Notice of Voluntary Dismissal using the attached Form CV-09, dismissing without prejudice all claims and defendants in the FAC—other than the surviving Fourth Amendment excessive force claim against Defendant Jones in his individual capacity. The Court could then order service of the FAC against Defendant Jones and allow this action to proceed to the next steps, including possibly discovery;

OR

(2) File a Response to the Order to Show Cause, stating that Plaintiff wants to stand on the FAC as currently alleged <u>and</u> explaining why the reasoning and conclusions in this final screening order are wrong. If Plaintiff's Response again fails to address the deficiencies outlined above, the Court will recommend dismissal of this entire action—including Plaintiff's otherwise colorable Fourth Amendment claim against Defendant Jones.

**IT IS SO ORDERED.**