UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-07926-PA (SK) | Date | November 5, 2020 |
|---|---|---|---|
| Title | Daniel J. Lollis v. County of Los Angeles et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Erica Valencia | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In February 2020, the Court permitted Plaintiff to serve his summons and first amended complaint on Defendant Jacob L. Jones. (ECF 13 at 1-2). Plaintiff did not do so, however, by the deadline to complete service in May 2020. (*Id*. at 2). So, in June 2020, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (ECF 15). He responded by requesting that the U.S. Marshal serve the summons and complaint for him given his IFP status. (ECF 16). The Court granted that request and extended the service deadline to October 7, 2020. (ECF 17 at 4; ECF 18).

Meanwhile, in July 2020, the U.S. Marshal tried to serve process on Defendant Jones at the Los Angeles County Sheriff's Department but discovered that he no longer works there. (ECF 21). The U.S. Marshal thus informed the Court and Plaintiff of this unsuccessful service attempt. (*Id*.). Yet as of this order, the October 2020 service deadline has passed with no apparent action by Plaintiff to carry out service of process. Even if Plaintiff has IFP status with the attendant right to request the assistance of the U.S. Marshal in effectuating service of process, it is Plaintiff alone who bears the ultimate legal responsibility to ensure proper and timely service. *See*, *e.g.*, *McDermid v. Villanueva*, 2020 WL 1979271, at *8 n. 18 (C.D. Cal. Mar. 13, 2020) (dismissal of pro se action proper when plaintiff with IFP status provided no more information to U.S. Marshal after learning that defendant no longer worked for federal Bureau of Prisons).

Plaintiff is thus **ORDERED TO SHOW CAUSE** on or before **December 7, 2020**, why this action should not be dismissed for failure to prosecute based on lack of service. *See* Fed. R. Civ. P. 4(m). He may discharge this order by filing proof of proper service on Defendant Jones. If Plaintiff no longer wishes to pursue this action, however, he may voluntarily dismiss the action without prejudice using the attached Form CV-09. *See* Fed. R. Civ. P. 41(a). Failure to file timely proof of proper service, a notice of voluntary dismissal, or other timely response to this order will lead to this action being dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.